Daniels, J.
This case differs from the case of McIntyre v. Margaret QosteTlo (below), in no very material respect favorable to the defendants. It appears that the conveyances that McIntyre conveyed one of the lots included m the deed to himself from Theodore Ploeger to Charles McDonald on or about the 11th of September, 1871, and that McDonald and wife conveyed the same land to the defendant, Patrick Costello, on the 25 th of March, 1872, and this was a practical recognition of the fact that McIntyre became seized of an estate of inheritance in the property under the deed of Ploeger to him. The plaintiff, as the wife of McIntyre, joined in the deed to McDonald, but in this action there was no direct evidence other than a statement in the answer of the defendant Costello, that Ploeger was in the actual possession of the property. But under the authorities which have been referred to in the other case, this was not necessary as long as he contracted for the sale and conveyance of the land as its owner, and to perform the contract executed, and delivered the deed to McIntyre, and McIntyre subsequently executed and delivered a like deed containing covenants of warranty to McDonald, who in the same manner executed a deed to the defendant, who hr s apparently been in the possession of the property under the title so conveyed. The jury could presume from these facts in the absence of all other proof tending to affect the accuracy of the presumption, that McIntyre did become the owner of the land through the deed executed and delivered to him. The case was one for the jury and not for the court, and the complaint accordingly should not have been dismissed. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Van Brunt, P. J., and Brady, J., concur.